9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul A. BASCOMB, as Personal Representative of the Estate of
Erdman Bascomb; Frank Bascomb, Sr.; Flora O.
Bascomb, Plaintiffs-Appellees,
v.
CITY OF SEATTLE; Police Chief Patrick S. Fitzsimons and
Jane Doe Fitzsimons, and their marital community;
Robert Lisoski and Jane Doe Lisoski, and
their marital community,
Defendants-Appellants.
 No. 92-35436.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1993.
Decided Oct. 28, 1993.
 
 Before: GOODWIN, SCHROEDER, and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Bascombs have sued Officer Robert Lisoski and Chief Fitzsimons under 42 U.S.C. § 1983, claiming that Lisoski used excessive force when he seized Erdman Bascomb by fatally shooting him. The Bascombs argue that Fitzsimons failed to adequately train, supervise, or discipline his officers, which was a proximate cause of Erdman Bascomb's death. The defendants now appeal the district court's refusal to grant summary judgment in their favor based on their qualified immunity defense.[1]
 
 
 3
 * Section 1983 defendants are entitled to qualified immunity if (1) the "right" that they allegedly violated was not "clearly established" at the time of a violation, or (2) if a reasonable officer would have thought that the defendant's actions were constitutional--that is, if the defendant acted objectively reasonably. Anderson v. Creighton, 483 U.S. 635 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 814-20 (1982).
 
 
 4
 a. Officer Lisoski
 
 
 5
 The district court properly denied Officer Lisoski's motion for summary judgment because the facts and circumstances surrounding Bascomb's death are sharply disputed. According to Officer Lisoski, when the police entered Bascomb's apartment at approximately 11:45 p.m. with a battering ram, Bascomb rose from the couch and pointed an object directly at him that the officer believed to be a gun. According to evidence submitted by the plaintiff, Bascomb was turning away from the officer and could not have been perceived as a looming threat.
 
 
 6
 Thus, whether Officer Lisoski is entitled to qualified immunity because he objectively reasonably believed that deadly force was appropriate cannot be determined without further evidentiary proceedings. See Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir.1993) ("Where a Fourth Amendment violation is claimed, the factual issues that may preclude a determination of qualified immunity on summary judgment ... [include] the facts and circumstances within an officer's knowledge.").
 
 
 7
 b. Chief Fitzsimons
 
 
 8
 For similar reasons, the district court properly denied Chief Fitzsimons' motion for summary judgment as well. Plaintiffs contend that Chief Fitzsimons proximately caused Erdman Bascomb's death because although he had notice that Anti-Crime Team ("ACT") offices were performing their duties in a manner that seriously increased the risk of harm,[2] and that several other innocent people had in fact been endangered or killed by accidental shootings in the months prior to Bascomb's death, he failed to discipline or train his officers to prevent these sorts of accidents. Wrongful deaths and other mishaps concerning the ACT squads had been covered in the Seattle media, and Chief Fitzsimons had received a letter and other warnings from an officer of his own department, the leader of ACT I, urgently requesting that something be done about the ACT officers' behavior. In light of this evidence, it is impossible to say at this stage in the proceeding that as a matter of law, Chief Fitzsimons acted objectively reasonably.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Appellants argue that immediately after denying the defendants' motion for summary judgment because there were material issues of fact regarding the availability of qualified immunity, the court granted the plaintiffs' motion for "summary judgment of dismissal of the qualified immunity defense." This, appellants argue, is an internally inconsistent decision, which must be corrected by this court. It is clear, however, that despite the misleading title given to the plaintiffs' motion, the judge was not definitively deciding the qualified immunity issue in favor of the plaintiffs, but rather planning to proceed with a trial. E.R. at 342 ("[A]s with Officer Lisoski's motion for qualified immunity, the reasonableness of Chief Fitzsimons' actions must be left to the jury.")
 
 
 [2]
 For example, plaintiffs presented evidence that ACT officers routinely violated the knock and announce rule when executing warrants, and that they made a practice of executing their warrants late at night without using flashlights